IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLUE LADY, INC., d/b/a "Blue Dolphin Car Wash"; JOHN PAWLIK; and ZYTA PAWLIK, ) ) ) Plaintiffs, ) ) ) v. ) ) OFFICER JENNY SANCHEZ #221; OFFICER ) FUENTES #509; OFFICER INDURANTE #211; ) OFFICER DORSCH #102; OFFICER ) CIANCANELLI #91; OFFICER WARREN ) HERNANDEZ; OFFICER IVANO MAZZULLA; ) OFFICER SKIP DRISH; OFFICER JAMES ) JASINSKI; OFFICER MATTHEWS; OFFICER ) CARR; OFFICER BIALAS; OFFICER FRANCO; ) OFFICER GIUSEPPE CAPECE; UNKNOWN ) OFFICERS; and the VILLAGE OF STONE PARK, ) ) Defendants. ) | No.  06 C 6912 Judge Robert W. Gettleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Blue Lady, Inc., John Pawlik ("John") and Zyta Pawlik ("Zyta") filed a five-count complaint against defendants Officer Jenny Sanchez, Officer Fuentes, Officer Indurante, Officer Dorsch, Officer Ciancanelli, Officer Warren Hernandez, Officer Ivano Mazzulla, Officer Skip Drish, Officer James Jasinski, Officer Matthews, Officer Carr, Officer Bialas, Officer Franco, and Officer Giuseppe Capece (collectively, the "individual defendants"); unknown officers; and the Village of Stone Park ("Stone Park"). The complaint alleged: tortious interference with prospective economic advantage (Count I); violation of plaintiffs' Fourteenth Amendment rights by the individual defendants pursuant to 42 U.S.C. § 1983 (Count II); violation of plaintiffs' Fourteenth Amendment rights by defendant Stone Park pursuant to § 1983 (Count III); violation of 745 ILCS 10/9-102 by defendant Stone Park (Count IV); and respondeat

superior liability of defendant Stone Park for the actions of its officers (Count V). The individual defendants have filed a motion to dismiss Count II of the complaint, and defendant Stone Park has filed a motion to dismiss Count III. For the reasons discussed below, the court grants defendants' motions to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**FACTS**[1]

Plaintiffs John and Zyta Pawlik are the owners of plaintiff Blue Lady, Inc., an Illinois corporation. On or about January 27, 2005, Blue Lady, Inc. acquired the Blue Dolphin Car Wash, located on Mannheim Road in Stone Park, Illinois. In May 2005, John renewed his business license with defendant Stone Park and was told that the Stone Park Police Department had been, for several years, conducting a prostitution sting operation on Mannheim Road and specifically at the Blue Dolphin Car Wash. According to plaintiffs, that sting operation consisted of an undercover police officer soliciting men for sexual activity as they were washing their cars. When the men declined, they were arrested for solicitation of a prostitute and their cars were impounded; the men were then forced to pay a $500 impoundment fee to have their vehicles released. The operation resulted in more than 900 arrests and numerous tickets, vehicle impoundments, and fine collections. Plaintiffs allege that they were aware of the sting operation before purchasing the car wash in 2005, but were unaware that it was illegal.

---

[1] For the purposes of a motion to dismiss, the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

Plaintiffs claim that defendants' actions caused customers not to return to the car wash and prevented plaintiffs from obtaining new customers. According to plaintiffs, defendants' actions caused them to suffer a loss of customers and income.

**DISCUSSION**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading "requires 'only a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, – S.Ct. –, 2007 WL 1582936 (June 4, 2007) (citing Bell Atlantic Corp. v. Twombley, 127 S.Ct. 1955, 1964 (2007). When ruling on a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Moranski v. General Motors Corp., 433 F.3d 537, 539 (7th Cir. 2005). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic, 127 S.Ct. at 1964-65.

§ 1983 Claims

Count II and III of the complaint allege, pursuant to 42 U.S.C. § 1983, that defendants violated plaintiffs' Fourteenth Amendment rights when they deprived plaintiffs of income without due process of law. Defendants have moved to dismiss these claims on the grounds that: (1) only property rights are involved, and Illinois law provides adequate judicial remedies; and (2) plaintiffs lack standing to bring these claims. The court agrees with both of defendants' arguments.

3

Defendants first argue that plaintiffs allege only the loss of income, and that plaintiffs can bring state claims for interference with business expectations or deprivation of property. Availability of state judicial remedies against a state governmental actor accused (as in the instant case) of violating clearly established state law bars the maintenance of a federal claim alleging a denial of due process because such conduct would be random and unauthorized. "The existence of an adequate state remedy to redress property damage inflicted by state officers avoids the conclusion that there has been any constitutional deprivation of property without due process of law within the meaning of the Fourteenth Amendment." Parratt v. Taylor, 451 U.S. 527, 542 (1981). Further, "when a substantive-due-process challenge involves only the deprivation of a property interest, a plaintiff must show 'either the inadequacy of state law remedies or an independent constitutional violation' before the court will even engage in...deferential rational-basis review." Lee v. City of Chicago, 330 F.3d 456, 467 (7th Cir. 2003), citing Doherty v. City of Chicago, 75 F.3d 318, 323-26 (7th Cir. 1996).

In the instant case, plaintiffs have made no attempt to show that state remedies would be inadequate, and they have not alleged an independent constitutional violation. Consequently, plaintiffs may not pursue their claims under § 1983. In addition, as addressed by defendants, plaintiffs lack standing to bring such claims. For plaintiffs to have standing in the instant case, their injury must be "fairly trace[able] to the challenged action of the defendant and not...th[e] result [of] the independent action of some third party before the court." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Here, the injury of which plaintiffs complain–the lack of income–is not caused directly by the police officers; instead, plaintiffs' alleged loss of expected income is attributable to the decisions of customers not to patronize the car wash. Finally, even

4

if standing did exist in this case, it exists only for plaintiff Blue Lady; shareholders of a corporation lack standing to bring an action for injuries sustained to the corporation. Flynn v. Merick, 881 F.2d 446, 449-50. For these reasons, the court grants defendants' motions to dismiss Counts II and III of the complaint.

Remaining Counts

Counts I and IV arise under state law. Because this court has dismissed the only federal claims brought by plaintiffs, the court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) and dismisses these counts without prejudice. Finally, Count V asks this court to hold defendant Stone Park liable for the actions of its officers under the doctrine of respondeat superior. Because the court has already dismissed all claims brought against the officers, there are no remaining alleged injuries for which defendant Stone Park can be held liable. The court therefore dismisses Count V.

## CONCLUSION

For the reasons discussed above, the court grants defendants' motion to dismiss the complaint.

**ENTER:** **August 23, 2007**

_____
**Robert W. Gettleman**
**United States District Judge**